IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STUART KEITH COGGINS                                     PLAINTIFF

vs.                                                            No. 1:08CV201-D-D

AUTOZONE MISSISSIPPI, INC.,
A CORPORATION, ANDRE CLARETT,
AN INDIVIDUAL AND KIM CLARETT,
AN INDIVIDUAL D/B/A KIM'S
KARPET AND KLEAN UP                                DEFENDANTS

## OPINION GRANTING COURT'S SUA SPONTE MOTION TO REMAND

Presently before the Court are the following motions: Defendants, Andre Clarett and Kim Clarett's motion, first supplemental motion and second supplement motion to set aside Default against them (docket entries 44, 47, and 50), Defendants, Andre Clarett and Kim Clarett's motion to dismiss (docket entry 49) and Defendants, Andre Clarett and Kim Clarett's motion to continue (docket entry 58). However, before ruling on the motions, the Court must address its subject matter jurisdiction as a threshold matter. Upon due consideration, the court makes the following findings.

### A. *Factual Background*

On April 10, 2008, the Plaintiff filed this suit in the Circuit Court of Monroe County, Mississippi, against Defendant, Autozone Mississippi, Inc alleging that the Defendant was negligent in failing to keep the premises in a reasonably safe condition and in failing to warn of a dangerous condition. This action was removed by the Defendant Autozone Mississippi to this Court pursuant to the Court's federal diversity jurisdiction. After removal, Plaintiff was granted leave to amend his complaint and on December 12, 2008 filed his amended complaint adding two additional defendants, Andre Clarett, and Kim Clarett, d/b/a Kim's Karpet and Klean Up.

The additional defendants are residents of the State of Mississippi. The Defendants, Andre and Kim Clarett filed a motion to dismiss due to a lack of jurisdiction. The Plaintiff responded to the Defendants' motion claiming that the motion should have been one to remand, not dismiss. However, the Plaintiff has failed to file a motion to remand.

*B. Standard for Remand and Discussion*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). Therefore, subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The Court may address the issue of subject matter jurisdiction on its own motion when the issue appears. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). *See also McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) (holding that "any federal court may raise subject matter jurisdiction sua sponte") (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The Court first notes that,

normally, in removed cases in which the Court lacks subject matter jurisdiction, remand rather than dismissal is the proper remedy. The Court may remand a case on the basis of subject matter jurisdiction at any time prior to entering a final judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded."). The district court has a duty, with or without a motion, to dismiss an original suit or to remand a removed one whenever it appears that the suit does not really and substantially involve a controversy of which the court has jurisdiction. *Girland v. Kimbell Milling Co.*, 116 F.2d 999, 1000 (5th Cir. 1941); 28 U.S.C. § 1447(c).

In the case *sub judice*, there is no dispute that the Plaintiff and the Defendants Andre and Kim Clarett are resident citizens of Mississippi. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### C. *Default Judgment*

Defendants, Andre Clarett and Kim Clarett d/b/a Kim's Karpet and Klean Up have also filed three motions to set aside the clerk's entry of Default pursuant to Federal Rule of Civil Procedure 55(c). When the Plaintiff amended his complaint on December 12, 2008, adding non-diverse Defendants, Andre Clarett and Kim Clarett d/b/a Kim's Karpet and Klean Up, it divested this Court of its jurisdiction. Therefore, Defendants were not properly before this Court on January 27, 2009; therefore, the clerk's entry of Default is void. The Court will not address the other merits upon which Defendants rely in their motions.

### D. *Conclusion*

In sum, the Defendants, Andre Clarett and Kim Clarett's Mississippi citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. Their addition in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction

over this case is absent. As such, pursuant to 28 U.S.C. § 1447(c), this cause shall be remanded to the Circuit Court of Monroe County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 13th day of August, 2009.

_____
Senior Judge